(Court of Appeal, Parish of Orleans.)

JOHN A. WOODVILLE vs. SIDNEY MARSHALL.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "B."

Woodville & Woodville, for Plaintiff and Appellee.

Solomon Wolff, for Defendant and Appellant.

DUFOUR, J. The plaintiff, a judgment creditor of the defendant, under a writ of fi-fa, issued garnishment process against the Manufacturies Machinery Co., of which the defendant was President.

An answer was filed by the company through Marshall denying liability to the latter and claiming that Marshall owed it $4000 for an unpaid balance of his stock sales subscription and $300 for an overdraft.

Upon a traverse of the answer there was judgment in favor of the plaintiff and against the garnishee.

Under a *sub-poena duces tecum* the garnishee produced its minute book and ledger, which were offered in evidence.

The minutes of January 22d, 1906, show the following entries:

"The secretary-treasurer announced that Messrs. Marshall and Gates had each handed in $5000 on account of their subscription stock of the corporation."

And again:

"On motion of Mr. Ivens, duly seconded, it was resolved that the salaries of Messrs. Marshall, Ivens and Gates for the year ending February 1st, 1907, are hereby fixed at the sum of $6800, and they having agreed to draw only eighteen hundred dollars of their salary in cash during the entire year, that the balance of $5000 each of them agree to be taken as in payment of the sum of $5000 due by him on his subscription to the capital stock."

It follows from this that, so far as the financial relation of Marshall to the Company is concerned, he had paid in full the amount of his stock subscription, either in cash or in services

rendered and to be rendered. The Garnishee's answer that Marshall still owed $4000 balance on stock subscription is therefore negatived. The ledger account of Marshall with the corporation show a debit of $10,000 on January 22nd, 1906, on the same day, credit entries of $2500 and $5000 respectively, and, on February 24th, a further credit of $1000.

Marshall, is the only witness tendered to explain the apparent contradiction and his efforts in that direction are not convincing.

In the courese of his examination he admits that the $5000 worth of stock spoken of in the minutes as paid in cash and the $5000 given him for services are two distinct sums.

Hence, it is apparent that the book should have shown a credit of $10,000 for stock, and that $3500 legitimately figure to his credit.

It is unfortunate that the only witness should combine the personalities of judgment debtor and president of the company, and that he did not keep the books which he undertakes to explain away in order to defeat the rights of his judgment creditor.

It is equally unfortunate that the parties who kept the books and the secretary were not produced as witnesses.

Under the circumstances we can find no reason for disturbing the conclusions of fact of the trial judge.

Judgment affiremed.

June 17th, 1907.

Rehearing refused June 28, 1907.

Writ denied by Supreme Court August 12, 1907.